```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                        COLUMBUS DIVISION

IN RE MENTOR CORP. OBTAPE        *    MDL Docket No. 2004
                                      4:08-MD-2004 (CDL)
TRANSOBTURATOR SLING PRODUCTS    *
                                      Case No.
LIABILITY LITIGATION             *    4:12-cv-196 (C. FORD)
```

O R D E R

Defendant Mentor Worldwide LLC developed a suburethral sling product called ObTape Transobturator Tape, which was used to treat women with stress urinary incontinence. Plaintiff Carol Ford was implanted with ObTape and asserts that she suffered injuries caused by ObTape. Ford brought this product liability action against Mentor, contending that ObTape had design and/or manufacturing defects that proximately caused her injuries. Ford also asserts that Mentor did not adequately warn her physicians about the risks associated with ObTape. Mentor contends that Ford's claims are barred by the applicable statutes of limitation. For the reasons set forth below, the Court agrees, and Mentor's Motion for Summary Judgment (ECF No. 38 in 4:12-cv-196) is granted.

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a).  In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  A fact is *material* if it is relevant or necessary to the outcome of the suit.  *Id.* at 248.  A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party.  *Id.*

## FACTUAL BACKGROUND

Viewed in the light most favorable to Ford, the record reveals the following.  Ford is a resident of Colorado, and all of her medical treatment relevant to this action occurred in Colorado.  Ford consulted her doctor, Dr. Johnny Johnson, Jr., about her stress urinary incontinence symptoms.  Dr. Johnson suggested mesh implant surgery and implanted Ford with ObTape on October 21, 2004.  Shortly after the surgery, Ford had discharge and symptoms of a urinary tract infection.  She continued experiencing these symptoms, and in March 2005 Dr. Johnson found an erosion of the ObTape and diagnosed Ford with vaginitis due to the erosion.  Dr. Johnson removed part of Ford's ObTape in March 2005.  Ford's discharge and vaginitis symptoms persisted, and Dr. Johnson performed another excision surgery in December 2006.

Ford continued to experience discharge and other problems. In December 2007, she wrote a letter to Terri Oto, a market manager for Mentor. Mot. for Summ. J. Ex. D, Letter from Carol Ford to Terri Oto (Dec. 1, 2007), ECF No. 38-7. Ford reported that she "had nothing but problems" after her ObTape implant. Ford explained her symptoms and complained that her doctors were unable to fix the problems. Ford noted that ObTape had "been pulled off the market because of the same results to other individuals," and she stated that she deserved "compensation for the outcome for the last four years." *Id.*

Ford filed her Complaint on August 3, 2012. *See generally* Compl., ECF No. 1 in 4:12-cv-196. Ford brought claims for personal injury under a variety of theories, including strict liability design defect, strict liability manufacturing defect, strict liability failure to warn, and negligence.

## DISCUSSION

Ford filed her action in this Court under the Court's direct filing order. The parties agreed that for direct-filed cases, the "Court will apply the choice of law rules of the state where the plaintiff resides at the time of the filing of the complaint." Order Regarding Direct Filing § II(E), ECF No. 446 in 4:08-md-2004. The parties agree that Colorado law, including its statutes of limitation, apply to Ford's claims

because Ford is a Colorado resident and all of her medical treatment relevant to this action occurred in Colorado.

Colorado has a two-year statute of limitations for product liability claims. Colo. Rev. Stat. Ann. § 13-80-106(1). Under Colorado's discovery rule, a personal injury cause of action accrues "on the date both the injury and its cause are known or should have been known by the exercise of reasonable diligence." Colo. Rev. Stat. Ann. § 13-80-108(1). "Once a plaintiff has suspicion of wrongdoing, she is under a duty to attempt to find the facts." *Norris v. Baxter Healthcare Corp.*, 397 F.3d 878, 887 (10th Cir. 2005) (applying Colorado law). For example, in *Norris*, the plaintiff claimed that she suffered injuries due to defective breast implants. The Tenth Circuit found that the plaintiff had an obligation to investigate the problems with her breast implants when "her doctor told her that he believed that her implants were causing the problem and informed her that both of her implants needed to be removed." *Id*.

Ford claims that she did not discover that her problems may have been caused by defect in ObTape until she saw a television commercial regarding mesh injuries in 2011. But Ford knew in 2005 that her doctor diagnosed her with vaginitis due to erosion of the ObTape, and she knew by 2006 that her doctor had performed two excision surgeries. And by December of 2007, Ford believed that ObTape was defective—she knew that ObTape had been

4

taken off the market, she believed that Mentor had taken ObTape off the market because other women had problems with it, and she sought compensation for her own problems with ObTape.  Based on this evidence, Ford's claims accrued in December 2007 at the latest, but she did not bring her claims until nearly five years later.  Her claims are therefore time-barred under Colorado law.

## CONCLUSION

As discussed above, Mentor's Motion for Summary Judgment (ECF No. 38 in 4:12-cv-196) is granted.


IT IS SO ORDERED, this sixteenth day of September, 2015.

                                            s/Clay D. Land  
                                            CLAY D. LAND  
                                            CHIEF U.S. DISTRICT COURT JUDGE  
                                            MIDDLE DISTRICT OF GEORGIA